UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Melissa Veale,

*Plaintiff*,

vs.

4 Court Square Corp. and Dim Sum VII Inc.,

*Defendants*.

**COMPLAINT**

Plaintiff, MELISSA VEALE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 4 COURT SQUARE CORP. and DIM SUM VII INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 24-28 Jackson Avenue, Long Island City, NY 11101 doing business as "DIM SUM PALACE" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

**PARTIES**

**4.** Plaintiff, MELISSA VEALE, is over the age of 18, *sui juris*, and a resident of Bronx

County, New York. Plaintiff has suffered from paraplegia since 1996, and as a result is bound to ambulate in a wheelchair. As such, Plaintiff is a qualified individual under the ADA.

**5.** Defendant, 4 COURT SQUARE CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 4 COURT SQUARE CORP., is the owner of the Subject Premises.

**6.** Defendant, DIM SUM VII INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the restaurant known as "DIM SUM PALACE" located at the Subject Premises.

**7.** According to New York Department of State Division of Corporations records, Defendant, DIM SUM VII INC., filed the Assumed Name "DIM SUM PALACE" on January 23, 2025.

**8.** Records maintained by the New York State Liquor Authority show that Defendant, DIM SUM VII INC., d/b/a "DIM SUM PALACE" was issued an On Premises Liquor license on November 24, 2025 for the Subject Premises.

**9.** DIM SUM PALACE is a restaurant offering Cantonese cuisine, including dim sum, dumplings, noodles, seafood, and other food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. DIM SUM PALACE is located in the Court Square area of Long Island City, directly across from the Long Island City Courthouse and near MoMA PS1, as well as numerous shops, restaurants, businesses, and public transportation. The Plaintiff appreciates the food offerings and dining experience provided at DIM SUM PALACE and the opportunity to patronize the restaurant

while in the surrounding Court Square and Long Island City area. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**10.** Most recently on or about August 1, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled her to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**11.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**12.** Plaintiff has been denied full and equal access to the Subject Premises, preventing her from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to

meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** Most recently on or about August 1, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted her access to the property and its accommodations.

**19.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**20.** Plaintiff considers herself a foodie and regularly checks the New York Magazine and Eater. She heard this place had delicious breakfast options and reviewed the feedback online which was very positive.

**21.** Plaintiff enjoys dining in Queens and regularly takes advantage of her trips to the borough to visit restaurants and try different cuisines. On or about August 1, 2026, Plaintiff was

in nearby Astoria and learned of DIM SUM PALACE, located approximately a five-minute drive away in Long Island City. Plaintiff was particularly interested in dining at the Subject Premises because it offers authentic Chinese cuisine, including dishes that are not typically available at the Chinese restaurants near her home in the Bronx.

**22.** Plaintiff traveled to the Subject Premises intending to dine there but personally encountered several steps at the entrance that prevented her from entering in her wheelchair. Although the entrance displayed a handicapped-accessibility symbol, Plaintiff could not identify an accessible entrance or ramp. Plaintiff called the restaurant to inquire about accessibility and was informed that no ramp was available and that employees could physically lift her into the restaurant. Plaintiff declined because being physically lifted was not an acceptable or accessible means of entering the Subject Premises.

**23.** Plaintiff remains interested in dining at DIM SUM PALACE and trying its authentic Chinese cuisine. Because Plaintiff regularly returns to Queens for dining and other activities and was specifically interested in the food offered at the Subject Premises, Plaintiff intends to return and dine at DIM SUM PALACE once an accessible means of entry is provided.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**24.** Plaintiff restates Paragraphs 1-23 as though fully set forth herein.

**25.** Defendants, 4 COURT SQUARE CORP. and DIM SUM VII INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**26.** Defendant, 4 COURT SQUARE CORP., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**27.** Defendant, DIM SUM VII INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**28.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**29.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the

following:

**Entrance**

**i. Inaccessible Main Entrance.**
Plaintiff cannot independently enter or exit the restaurant through the main entrance because steps interrupt the accessible route and no ramp or other accessible means of entry is provided. The entrance also lacks the level maneuvering clearance Plaintiff needs to position and maneuver her wheelchair while approaching and operating the entrance door. Because Plaintiff uses a wheelchair, these conditions prevent her from independently accessing the restaurant through its main entrance. These conditions violate ADAAG §§ 206, 206.1, 206.2.1, 206.4, 207, 303.4, 402, 403.4, 404.2.4, and 404.2.4.4. Providing a compliant accessible entrance with sufficient level maneuvering clearance is readily achievable.

**ii. No Directional Signage to an Accessible Entrance.**
The inaccessible main and secondary entrances do not provide signage directing Plaintiff to the location of the nearest accessible entrance. Because Plaintiff uses a wheelchair and cannot traverse the steps at either entrance, the absence of directional signage leaves her without information identifying an accessible means of entering the restaurant. These conditions violate ADAAG §§ 216, 216.1, and 216.6. Providing compliant directional signage identifying the nearest accessible entrance is readily achievable.

**iii. Inaccessible Secondary Entrance.**
The secondary entrance does not provide Plaintiff with an accessible alternative because steps and changes in level obstruct the entrance and the doorway lacks sufficient level maneuvering clearance for Plaintiff to approach, position, and maneuver her wheelchair while operating the door. Accordingly, Plaintiff cannot independently enter or exit the restaurant through the secondary entrance. These conditions violate ADAAG §§ 206, 206.1, 206.2.1, 206.4, 206.4.1, 207, 303.4, 402, 403.4, 404.2.4, and 404.2.4.4. Providing a compliant accessible secondary entrance with sufficient level maneuvering clearance is readily achievable.

**Dining Areas**

**iv. Inaccessible Bar.**
Plaintiff cannot use the restaurant's bar while remaining in her wheelchair because the bar exceeds the maximum accessible height and does not provide the required knee and toe clearance or an accessible portion where Plaintiff can properly position her wheelchair. These conditions violate ADAAG §§ 226, 226.1, 902, 902.1, 902.2, 902.3, 306.2, and 306.3. Providing a compliant accessible portion of the bar is readily achievable.

**v. Inaccessible Barside Dining Area and Dining Tables.**
Plaintiff cannot access the barside dining area because it is located on a raised floor surface and no ramp or other accessible route is provided. Further, the dining tables within this area do not provide the required knee and toe clearance or the required percentage of

accessible dining spaces. Because Plaintiff uses a wheelchair, these conditions prevent her from reaching the barside dining area and independently positioning herself at and using its dining tables. These conditions violate ADAAG §§ 206, 206.1, 206.2.5, 303.4, 402, 403.4, 226, 226.1, 902, 902.1, 902.2, 306.2, and 306.3. Providing an accessible route and compliant accessible dining spaces is readily achievable.

**Main-Level Restroom**

**vi. Insufficient Clear Floor Space in Main-Level Restroom.**
The configuration of the main-level restroom does not provide Plaintiff with the unobstructed space necessary to maneuver and position her wheelchair because the restroom door swings into required clear floor space. Because Plaintiff uses a wheelchair, this condition interferes with her ability to independently enter, maneuver within, and use the restroom. This condition violates ADAAG §§ 603, 603.1, and 603.2.3. Reconfiguring the restroom to provide the required unobstructed wheelchair space is readily achievable.

**vii. Inaccessible Lavatory and Restroom Accessories.**
The plumbing beneath the main-level lavatory is exposed and unprotected, interfering with Plaintiff's safe use of the sink while her wheelchair and legs are positioned beneath it. Additionally, the toilet paper dispenser is improperly positioned in relation to the water closet, interfering with Plaintiff's ability to independently reach and use it while positioned at the toilet. These conditions violate ADAAG §§ 606.5 and 604.7. Protecting the exposed plumbing and properly positioning the restroom accessories are readily achievable.

**Lower-Level Restroom**

**viii. No Accessible Route to Lower-Level Restroom.**
Plaintiff cannot reach the secondary restroom located on the lower level because the travel path requires use of a flight of stairs. Because Plaintiff uses a wheelchair, the stairs prevent her from reaching or using this restroom. This condition violates ADAAG § 213.1. Providing Plaintiff with access to a compliant restroom on an accessible route is readily achievable.

**ix. Inaccessible Lavatories and Mirror.**
The lavatories in the lower-level restroom do not provide sufficient clear floor space for Plaintiff to position her wheelchair for a forward approach, and the mirror above the lavatories is mounted above the accessible height required for use from a seated position. These conditions prevent Plaintiff from independently approaching and using the lavatories and mirror while using her wheelchair. These conditions violate ADAAG §§ 606.2, 305.3, and 603.3. Providing an accessible lavatory with compliant clear floor space and a properly positioned mirror is readily achievable.

**x. Inaccessible Toilet Compartments.**
The toilet compartments in the lower-level restroom do not provide the clear door width, maneuvering clearance, compartment dimensions, and unobstructed interior space Plaintiff needs to enter and maneuver while using her wheelchair. The compartment doors also

swing into the required compartment area, further reducing the space available for Plaintiff's wheelchair. Collectively, these conditions prevent Plaintiff from independently entering, positioning, turning, and maneuvering within the toilet compartments. These conditions violate ADAAG §§ 604.8, 604.8.1.1, 604.8.1.2, 404.2.3, and 404.2.4. Providing at least one compliant wheelchair-accessible toilet compartment is readily achievable.

**xi. Inaccessible Water Closets.**
The water closets in the lower-level restroom do not provide the required wheelchair clearance or required rear and side grab bars. Because Plaintiff uses a wheelchair, she requires sufficient space to position her wheelchair adjacent to the water closet and compliant grab bars to assist with positioning and transferring between her wheelchair and the fixture. These conditions interfere with Plaintiff's ability to safely and independently use the water closets and violate ADAAG §§ 604.3, 604.3.1, 604.5, and 609. Providing compliant clearance and grab bars at an accessible water closet is readily achievable.

**xii. Inaccessible Restroom Accessories.**
The toilet paper dispensers within the lower-level toilet compartments are improperly positioned in relation to the water closets, and the coat hook in the second toilet compartment is mounted above the accessible reach range. Because Plaintiff uses a wheelchair and accesses these items from a seated position, these conditions interfere with her ability to independently reach and use the restroom accessories. These conditions violate ADAAG §§ 604.7, 604.8.3, and 308. Providing compliant toilet paper dispensers and repositioning the coat hook within Plaintiff's accessible reach range are readily achievable.

**30.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**31.** Plaintiff lives approximately 17 miles from the Subject Premises and regularly frequents the surrounding area and nearby boroughs, including Bronx, Queens, Brooklyn, and Manhattan, on a weekly basis for dining, shopping, errands, recreation, and visiting businesses open to the public. Plaintiff intends to return to the Subject Premises within the next six (6) months to avail herself of the goods and services offered therein if the Subject Premises are made

accessible to individuals with mobility disabilities.

**32.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**33.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**34.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**35.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**36.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and

awarding Plaintiff her reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com